UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDGAR JULIAN DIETRICH,

       Appellant,                                Case No.  12-15067

v.                                                SENIOR U.S. DISTRICT JUDGE
                                                   ARTHUR J. TARNOW

KENNETH A. NATHAN,

       Trustee.
_____/

**ORDER GRANTING MOTION TO DISMISS [7] AND FINDING MOOT MOTION FOR RECUSAL [4]**

**Introduction**

Before the Court are Trustee Nathan's Motion to Dismiss Appeal for Appellant's Lack of Standing [7], and Debtor-Appellant Edgar Dietrich's Motion for Recusal of Magistrate Judge Majzoub [4].

For the reasons stated below, the Motion to Dismiss [7] is GRANTED and therefore, the Motion for Recusal [4] is MOOT.

**Background**

The case now before the Court stems from Debtor Dietrich's filing of a Notice of Appeal from the Bankruptcy Court [1]. Specifically, Dietrich appeals three orders of the Bankruptcy Court. The first is an "Order Authorizing the Payment of Trustee Fees and Expenses," which awards Trustee Nathan statutory fees in the about of $25,008.57 and expenses in the amount of $0.00. The second order is an "Order Authorizing Payment of Accountants for the Trustee for the Period of February 23, 2009 Through July 19, 2012," which allows fees in the amount of $7,393.20 and costs in the amount of $0.00 for the accounting firm of John F. Dery & Associates. The third order is an

"'Amended' Order Authorizing Compensation of Counsel to Trustee" that awards Trustee Nathan's counsel, Nathan Zousmer, compensation for fees in the amount of $11,535.00 and expenses in the amount of $34.76. These fees and expenses are included in the Trustee's Final Report, filed before the Bankruptcy Court on August 8, 2012. Creditors John R. Jennings, Mary Alice Jennings, Theresita Dietrich, Jason Dietrich, and Eric Dietrich filed objections to this Final Report. The Bankruptcy Court held a hearing on these matters on October 1, 2012. The Bankruptcy Court then issued the three orders Debtor Dietrich now seeks to appeal.

Trustee Nathan's Motion to Dismiss Appeal for Appellant's Lack of Standing [7] was filed on December 4, 2012. Debtor-Appellant Dietrich's Motion for Recusal of Magistrate Judge Majzoub [4] was filed on November 26, 2012. Appellant Dietrich filed a Response [11] to the Motion to Dismiss [7] on December 26, 2012. Trustee Nathan filed a Reply [13] on December 28, 2012.

In the instant Motion to Dismiss [7], Trustee Nathan argues that as a Debtor, Dietrich lacks standing to bring this appeal because he is not aggrieved by the orders, and because he failed to object to or seek a stay of the orders. Trustee Nathan also argues that the appeal is moot because the bankruptcy case has been fully administered by the Trustee, proceeds have been disbursed, and the case closed.

**Analysis**

The Sixth Circuit Court has held that "[i]n order to have standing to appeal a bankruptcy court order, an appellant must have been 'directly and adversely affected pecuniarily by the order.'" *Harker v. Troutman*, 286 F.3d 359, 364 (6th Cir. 2002) (*citing Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996)). This "'person aggrieved' doctrine, limits standing to persons with a financial stake in the bankruptcy court's order. Thus, a party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their

2

rights." *Harker*, 286 F.3d at 364 (internal quotation marks and citations omitted). "Courts rarely find that a chapter 7 debtor is a 'person aggrieved' by a bankruptcy court order regarding the disposition of property of the estate." *Monus v. Lambros*, 286 B.R. 629, 634 (N.D. Ohio 2002); *see also Simon v. Amir (In re Amir)*, 436 B.R. 1, 10 (B.A.P. 6th Cir. 2010)("Since title to property of the estate no longer resides in the chapter 7 debtor, the debtor typically lacks any pecuniary interest in the chapter 7 trustee's disposition of that property.")(citations omitted).

However, there are two exceptions to a chapter 7 debtor's limited standing: "(1) if the debtor can show that a successful appeal would generate assets in excess of liabilities, entitling the debtor to a distribution of surplus under Bankruptcy Code 726(a)(6), . . . or (2) the order appealed from affects the terms of the debtor's discharge in bankruptcy." *Simon v. Amir (In re Amir)*, 436 B.R. at 10(citations omitted). "If the debtor fails to present concrete evidence that either exception applies, he does not have standing to challenge a bankruptcy court order." *Id.*(*citing United States v. Jones*, 260 B.R. 415, 418 (E.D. Mich. 2000)).

"Whether an appellant is a person aggrieved is a question of fact for the district court." *Marlow v. Rollins Cotton Co.*, 146 F.3d 420, 423 (6th Cir. 1998)(internal quotation marks and citations omitted). "The burden of proving that a party is a 'person aggrieved' is on the appellant asserting standing to pursue an appeal." *Fidelity Bank*, 77 F.3d at 882 (*citing In re Revco D.S., Inc.*, 898 F.2d 498, 499 (6th Cir. 1990)).

In Debtor Dietrich's Response [11] he first argues that he is aggrieved by the Bankruptcy Court's orders because the Court denied the $90,000 claim of his ex-spouse Theresita Dietrich. Debtor Dietrich claims that because the claim is based on alimony awarded by a state divorce judgment, and because he is responsible for the payment of this amount, that the denial of Theresita Dietrich's claim effects his pecuniary interests. Debtor Dietrich then argues that the fees awarded

to Trustee Nathan are improper, and again deprive Debtor of the ability to make payment on the alimony owed to Theresita Dietrich. Debtor Dietrich makes similar claims as to the fees awarded to Nathan Zousmer and other monies awarded to a Casper Connelly, an award not mentioned in the Debtor's Notice of Appeal [1].

Debtor Dietrich has not shown that the appeal of the denial of either Theresita Dietrich's claim or of the orders awarding fees and costs would result in the distribution of surplus, or a change the terms of Debtor's discharge in bankruptcy. Because Debtor Dietrich has failed to show that he is an 'aggrieved person,' he does not have standing to bring this appeal and it must be dismissed.

Therefore,

**IT IS HEREBY ORDERED** that Trustee Nathan's Motion to Dismiss [7] is **GRANTED** and the case is **DISMISSED**.

**IT IS FURTHER ORDERED** that Debtor-Appellant Edgar Dietrich's Motion for Recusal of Magistrate Judge Majzoub [4] is now **MOOT**.

**SO ORDERED**.

s/Arthur J. Tarnow  
ARTHUR J. TARNOW  
SENIOR U.S. DISTRICT JUDGE

DATE: June 20, 2013